UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELIA WILLIAMS,<br><br>                Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. EDCV 13-621 JC<br><br>MEMORANDUM OPINION |

## I.  SUMMARY

On April 17, 2013, plaintiff Shelia Williams ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits.  The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; April 19, 2013 Case Management Order ¶ 5.

///

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II.   BACKGROUND

### A.   Previously Adjudicated Application

Plaintiff previously filed an application for Disability Insurance Benefits on May 9, 2008. (Administrative Record ("AR") 58).

On January 21, 2010, the prior ALJ determined that plaintiff was not disabled through the date last insured (*i.e.*, December 31, 2009) ("Prior Decision"). (AR 58-64). Specifically, the prior ALJ found: (1) plaintiff suffered from the following severe impairments: diabetes and hypertension (AR 60); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 60-61); (3) plaintiff retained the residual functional capacity to perform less than a full range of light work (20 C.F.R. § 404.1567(b))[2] (AR 61); (4) plaintiff could perform her past relevant work as a cashier (AR 63); and (5) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the prior ALJ's residual functional capacity assessment (AR 62).

The Appeals Council denied plaintiff's application for review of the Prior Decision. (AR 70).

///
///

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (discussing contours of application of harmless error standard in social security cases) (citing, *inter alia*, Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006)).

[2] The prior ALJ determined that plaintiff: (i) could lift/pull 10 pounds frequently and 20 pounds occasionally; (ii) could stand/walk four hours in an eight-hour work day; (iii) could occasionally stoop and bend; (iv) required a cane as needed for walking; and (v) might miss work two times a month. (AR 61).

**B.     Application In Issue**

On April 20, 2010, plaintiff filed subsequent applications for Supplemental Security Income and Disability Insurance Benefits. (AR 147, 154). Plaintiff asserted that she became disabled on January 22, 2010, due to squamous cell carcinoma, diabetes, hypertension/high blood pressure, asthma, headaches, and vomiting. (AR 184). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel), plaintiff's sister, Charlotte Ford, and a vocational expert on March 23, 2012. (AR 23-54).

On April 6, 2012, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 4-13). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: hypertension and diabetes (AR 7); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 8); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. §§ 404.1567(b), 416.967(b)) with additional limitations[3] (AR 8); (4) plaintiff could perform her past relevant work as a mail handler, cashier II, and recreation leader (AR 12-13); and (5) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 10).

The Appeals Council denied plaintiff's application for review. (AR 19).

**III.   APPLICABLE LEGAL STANDARDS**

**A.     Sequential Evaluation Process**

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically

---

[3] The ALJ determined that plaintiff: (i) could lift and/or pull 10 pounds frequently and 20 pounds occasionally; (ii) could stand and/or walk for four hours in an eight-hour work day; (iii) could occasionally stoop and bend; (iv) required a cane as needed for walking; and (v) might miss work two times a month. (AR 8)

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

///

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

### B. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

///
///
///

## IV. DISCUSSION

### A. Substantial Evidence Supports the ALJ's Determination That Plaintiff Failed to Rebut the Presumption of Continuing Non-Disability

#### 1. Pertinent Law

A prior final determination that a claimant is not disabled creates a presumption of continuing non-disability with respect to any subsequent unadjudicated period of alleged disability. Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985) (citation omitted); Lyle v. Secretary, 700 F.2d 566, 568 (9th Cir. 1983) (citations omitted). The claimant can, however, overcome this burden by proving "changed circumstances," such as the existence of an impairment not previously considered, an increase in the severity of an impairment, or a change in the claimant's age category. See, e.g., Vasquez v. Astrue, 572 F.3d 586, 597-98 (9th Cir. 2009) (new allegation of mental impairment and fact that claimant was approaching advanced age constitute changed circumstances) (citations omitted); Schneider v. Commissioner, 223 F.3d 968, 973-74 (9th Cir. 2000) (finding changed circumstances of worsened psychological test scores and different diagnoses); Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988) (attainment of advanced age constitutes changed circumstance where change is outcome-determinative) (citation omitted).

#### 2. Analysis

To the extent plaintiff contends that a reversal or remand is warranted because the ALJ erroneously determined that plaintiff failed to rebut the presumption of continuing non-disability which arose from the denial of the Prior Application (Plaintiff's Motion at 3-4), her contention lacks merit.

First, plaintiff's claim is predicated on a misinterpretation of the medical evidence. Plaintiff asserts, in pertinent part, that the ALJ "offered no explanation" for his findings, that the ALJ "did not cite to the prior decision or recite any of the

findings in that decision," and "[t]here is no prior decision in the record." (Plaintiff's Motion at 3). In his decision, however, the ALJ discussed the prior ALJ's findings and expressly adopted the Prior Decision (which is part of the current record[4]) in its entirety. (AR 4, 12, 58-64).

Second, substantial evidence supports the ALJ's determination that plaintiff did not show "changed circumstance" sufficient to rebut the presumption of continuing non-disability. As the ALJ essentially concluded, the medical records do not reflect a more restrictive residual functional capacity assessment for plaintiff than that identified in the Prior Decision. As the ALJ noted, the record reflects that plaintiff's skin cancer was removed and her asthma was controlled by medication. (AR 239, 244, 251-52, 320, 346). In addition, there was no evidence of plaintiff's alleged anxiety or that plaintiff experienced complications from her diabetes or hypertension. There was also no evidence that plaintiff's obesity had any specific or quantifiable impact on her pulmonary, musculoskeletal, endocrine, or cardiac functioning. (AR 10-12, 239-63, 320-24, 344-57). As the ALJ also noted, the medical records document, at most, that plaintiff received conservative treatment for her impairments which consisted of medication, and recommendations for proper nutrition/diet, exercise and weight loss. (AR 11, 239-63, 320-24, 344-57). Plaintiff points to no persuasive medical evidence that her impairments caused limitations beyond those already accounted for in the Prior ALJ's residual functional capacity assessment.

---

[4]To the extent plaintiff asserts that a June 4, 2010 Chavez Screening Guide reflected "there *was* no prior decision" (Plaintiff's Motion at 3) (emphasis in original), her assertion is belied by the record. The Chavez Screening Guide indicated only that there was not a "prior ALJ/AC decision" in the record that was "final" (*i.e.*, involved a claim that, among other things, "[was] not pending at the [Appeals Council] or in federal district court . . . .") (AR 179) – which was then accurate considering that, on the date of the Chavez Screening Guide (*i.e.*, June 4, 2010), plaintiff's request for review was still pending at the Appeals Council. (See AR 64 [Prior Decision dated January 21, 2010], 70 [Appeals Council Denial of Review of Prior Decision dated November 5, 2010]).

The ALJ's decision is also supported by the opinions of the state agency examining physician, Dr. Sandra M. Eriks, and the examining psychiatrist, Dr. Sohini P. Parikh – neither of whom found any limitations beyond those already accounted for in the Prior ALJ's residual functional capacity assessment. (AR 282-88, 305-10). As the ALJ noted, Dr. Parikh essentially diagnosed plaintiff with a mood disorder secondary to her medical condition, and opined that plaintiff had no mental limitations. (AR 11-12) (citing Exhibit B3F at 5-6 [AR 286-87]). Dr. Eriks reported that plaintiff's physical examination was essentially normal and opined that plaintiff could perform work at the heavy exertional level (*i.e.*, lift and/or carry 100 pounds occasionally and 50 pounds frequently, stand and/or walk and sit six hours out of an eight-hour workday). (AR 12) (citing Exhibit B6F [AR 305-10]). The opinions of Drs. Parikh and Eriks were supported by their independent examinations of plaintiff (AR 284-86, 307-08), and thus, even without more, constituted substantial evidence supporting the ALJ's decision. See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative examiner's opinion on its own constituted substantial evidence, because it rested on independent examination of claimant); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).

Finally, for the reasons discussed more fully below, this Court finds no material error in the ALJ's assessment of plaintiff's credibility and no basis to conclude that plaintiff's current complaints in any way rebut the presumption of continuing non-disability.

Accordingly, plaintiff is not entitled to a reversal or remand on this basis.

**B.    The ALJ Properly Evaluated Plaintiff's Credibility**

    **1.    Pertinent Law**

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner. Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006). If the ALJ's interpretation of the claimant's testimony is reasonable

and is supported by substantial evidence, it is not the court's role to "second-guess" it.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment.  Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).  If the record establishes the existence of a medically determinable impairment that could reasonably give rise to symptoms assertedly suffered by a claimant, an ALJ must make a finding as to the credibility of the claimant's statements about the symptoms and their functional effect.  Robbins, 466 F.3d at 883 (citations omitted).  Where the record includes objective medical evidence that the claimant suffers from an impairment that could reasonably produce the symptoms of which the claimant complains, an adverse credibility finding must be based on clear and convincing reasons. Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1160 (9th Cir. 2008) (citations omitted).  The only time this standard does not apply is when there is affirmative evidence of malingering.  Id.  The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony."  Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004).

To find the claimant not credible, an ALJ must rely either on reasons unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), internal contradictions in the testimony, or conflicts between the claimant's testimony and the claimant's conduct (*e.g.*, daily activities, work record, unexplained or inadequately explained failure to seek treatment or to follow prescribed course of treatment).  Orn, 495 F.3d at 636; Robbins, 466 F.3d at 883; Burch, 400 F.3d at 680-81; Social Security Ruling 96-7p.[5]  Although an ALJ may not disregard such

---

[5] Social Security rulings are binding on the Administration.  See 20 C.F.R. § 402.35(b)(1); Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990) (citations omitted).  Courts generally
(continued...)

claimant's testimony solely because it is not substantiated affirmatively by objective medical evidence, the lack of medical evidence is a factor that the ALJ can consider in his credibility assessment. Burch, 400 F.3d at 681.

### 2.   Analysis

Plaintiff contends that the ALJ inadequately evaluated the credibility of her subjective complaints. (Plaintiff's Motion at 4-7). The Court finds no material error in the ALJ's assessment of plaintiff's credibility and no basis to conclude that her current complaints operate to rebut the presumption of continuing non-disability or constituted material evidence to alter the prior ALJ's conclusion that plaintiff was not disabled.

First, the ALJ properly discounted the credibility of plaintiff's subjective complaints as inconsistent with plaintiff's daily activities and other conduct. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistency between the claimant's testimony and the claimant's conduct supported rejection of the claimant's credibility); Verduzco v. Apfel,188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies between claimant's testimony and actions cited as a clear and convincing reason for rejecting the claimant's testimony). For example, as the ALJ noted, contrary to plaintiff's allegations of disabling mental and physical symptoms,[6] plaintiff stated in a function report that she could ride in a car and shop in stores, and plaintiff reported during a psychiatric evaluation that she could manage transportation, could take care of her own grooming and hygiene, would

///

---

[5](...continued) defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the Social Security Act or regulations. Holohan v. Massanari, 246 F.3d 1195, 1202 n.1 (9th Cir. 2001) (citations omitted); Paxton v. Secretary of Health and Human Services, 856 F.2d 1352, 1356 (9th Cir. 1988) (citations omitted).

[6]In her Function Report, plaintiff essentially stated that she was in constant pain and that due to depression she spends her entire waking hours staring at the walls. (AR 192-99).

"help[] with the household work sometimes," got along with family members, had close friends, and had no problems with neighbors.  (AR 9, 195, 282, 284).

While, as plaintiff correctly notes, "one does not need to be 'utterly incapacitated' in order to be disabled," Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001), this does not mean that an ALJ must find that a claimant's daily activities demonstrate an ability to engage in full-time work (*i.e.*, eight hours a day, five days a week) in order to discount the credibility of conflicting subjective symptom testimony.  See Molina, 674 F.3d at 1113 ("[An] ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting . . . [e]ven where those activities suggest some difficulty functioning. . . .") (citations omitted).  Here, the ALJ properly discounted plaintiff's subjective-symptom testimony to the extent plaintiff's daily activities were inconsistent with a "totally debilitating impairment."  Id.; see, e.g., Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990) (finding that the claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries . . . may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing Fair, 885 F.2d at 604).  While plaintiff argues that the record does not reflect that she spent a "substantial part of [her] day" engaged in activities that are transferable to a work setting (Plaintiff's Motion at 5-7), the Court will not second-guess the ALJ's reasonable determination to the contrary, even if the evidence could give rise to inferences more favorable to plaintiff.

Second, the ALJ properly discounted plaintiff's credibility due to plaintiff's failure to "seek treatment or to follow a prescribed course of treatment."  See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).  Here, as the ALJ noted, treatment records document occasions when plaintiff failed to comply with the treatment that was recommended, and also note one 15-month period when

///

plaintiff sought very little treatment at all.[7] (AR 11, 272 ["Per the records pt hasn't always been compliant, although now states taking all medications as prescribed"], 348 ["Pt loss [sic] to f/u for approximately 15 month"], 362 ["Pt has not always been compliant but states doing so now"]). In addition, at the hearing plaintiff testified that she did not follow a diabetic diet, even though her doctor had talked with her about controlling diabetes with diet and exercise. (AR 37). While an ALJ may not reject symptom testimony where a claimant provides "evidence of a good reason for not taking medication," Smolen, 80 F.3d at 1284 (citations omitted), plaintiff has failed to present such a sufficient reason.

Finally, the ALJ could properly discount plaintiff's credibility because, as discussed above, the records reflect that plaintiff generally received only conservative treatment for her complaints. (AR 11, 239-63, 320-24, 344-57). See, e.g., Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment."), cert. denied, 552 U.S. 1141 (2008) (citation omitted).

Accordingly, plaintiff is not entitled to a reversal or remand on this basis.

**C.    The ALJ Properly Considered the Lay Witness Evidence From Plaintiff's Sister**

**1.    Pertinent Law**

Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. Stout, 454 F.3d at 1056 (citations omitted); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir.

---

[7] As the ALJ noted, although plaintiff claimed that she had sought treatment at the Los Angeles County/University of Southern California Medical Center during the same 15-month period, the treatment records documented only two visits during that time. (AR 11) (citing Exhibits B2F [AR 271-81] (LAC/USC Medical Center treatment records dated August 4, 2010); B13F [AR 361-71] (LAC/USC Medical Center treatment records dated January 8, 2010).

2001); see also Robbins, 466 F.3d at 885 (ALJ required to account for all lay witness testimony in discussion of findings) (citation omitted); Regennitter v. Commissioner of Social Security Administration, 166 F.3d 1294, 1298 (9th Cir. 1999) (testimony by lay witness who has observed claimant is important source of information about claimant's impairments); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (lay witness testimony as to claimant's symptoms or how impairment affects ability to work is competent evidence and therefore cannot be disregarded without comment) (citations omitted); Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (ALJ must consider observations of non-medical sources, *e.g.*, lay witnesses, as to how impairment affects claimant's ability to work).

### 2. Analysis

Here, plaintiff contends that the ALJ failed to provide sufficient reasons for rejecting the lay statements and testimony regarding plaintiff's abilities provided by plaintiff's sister, Charlotte Ford ("Ms. Ford's Statements"). (Plaintiff's Motion a 7-11) (citing AR 43-45, 207-14). To the extent the ALJ erred in evaluating Ms. Ford's Statements, any error was harmless.

As plaintiff correctly notes, two of the reasons the ALJ provided for rejecting Ms. Ford's Statements were inadequate. Specifically, the ALJ's assertion that plaintiff's sister "[was] not a medical professional" (AR 10) is not a germane reason for rejecting otherwise competent lay evidence. See Bruce v. Astrue, 557 F.3d 1113, 1116 (9th Cir. 2009) ("A lay person, . . . though not a vocational or medical expert, was not disqualified from rendering an opinion as to how [a claimant's] condition affects his ability to perform basic work activities.") (citation omitted). Similarly, the ALJ was not permitted to reject Ms. Ford's Statements merely because, as plaintiff's sister/roommate, Ms. Ford was an interested party. See Regennitter, 166 F.3d at 1298 ("[t]he fact that a lay witness is a family member cannot be a ground for rejecting his or her testimony.")

(citation and quotation marks omitted); see also Smolen, 80 F.3d at 1289 (ALJ's rejection of lay testimony from "family witnesses" because such witnesses "were [] understandably advocates, and biased" . . . amounted to a wholesale dismissal of the testimony of all the witnesses as a group and therefore [did] not qualify as a reason germane to each [lay witness] who testified.").

Nonetheless, any error in the foregoing respect was harmless because, as the ALJ noted, Ms. Ford's Statements essentially "mirror[ed]" plaintiff's own allegations regarding her abilities. (Compare AR 192-99 [plaintiff's function report] with AR 44-45 [plaintiff's sister's testimony] and AR 207-14 [plaintiff's sister's function report]).  Since, as discussed above, the ALJ provided clear and convincing reasons for rejecting plaintiff's own subjective complaints, it follows that the ALJ also gave germane reasons for rejecting plaintiff's sister's similar statements.  See Valentine v. Commissioner of Social Security Administration, 574 F.3d 685, 693-94 (9th Cir. 2009) (ALJ properly discounted wife's testimony for same reasons used to discredit claimant's complaints which were similar); see also Molina, 674 F.3d at 1121-22 ("[A]n ALJ's failure to comment upon lay witness testimony is harmless where 'the same evidence that the ALJ referred to in discrediting [the claimant's] claims also discredits [the lay witness's] claims.'") (citation omitted, brackets in original).

Accordingly, a remand or reversal on this basis is not warranted.

**V.    CONCLUSION**

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  August 28, 2013

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE